UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 25-11334 |
| | ) | |
| Pizzeria Management III LLC, | ) | CHAPTER 11 |
| | ) | SUBCHAPTER V |
| Debtor | ) | |
| | ) | JUDGE JESSICA E. PRICE SMITH |
| | ) | |
| Pizzeria Management III LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. N0. 25-01065 |
| v. | ) | |
| | ) | |
| Joseph T. Ciresi and, | ) | |
| Cassie Ciresi | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER TO COMPLAINT TO AVOID LIENS UNDER BANKRUPTCY CODE SECTION 544(a)

Joseph T. Ciresi and Cassie Ciresi (together "Defendants"), by and through their undersigned counsel, hereby set forth their Answer to the Complaint of Plaintiff Pizzeria Management III, LLC ("Plaintiff ") and state as follows:

### Jurisdiction, Venue and Parties

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint that this adversary proceeding is a core proceeding.

7. Paragraph 7 of the Complaint contains narrative statements to which no response is required from Defendants.

**FACTS**

8. Defendants admit only that on February 23, 2023, Jason Dicks entered into a Membership Interest Purchase Agreement with Joseph T. Ciresi for the purchase of 100% of the membership interest of Pizzeria Management III, LLC and that a copy of the Membership Interest Purchase Agreement is attached to the Complaint as Exhibit A. Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains narrative statements to which no response is required from Defendants. To the extent that a response is required, Defendants states that the Promissory Note speaks for itself.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains narrative statements to which no response is required from Defendants. To the extent that a response is required, Defendants state that the Pledge Agreement speaks for itself.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains narrative statements to which no response is required from Defendants. To the extent that a response is required, Defendants state that the Security Agreement speaks for itself.

## Count One – Personal Property of Pizzeria Management III LLC

18. Defendants incorporate by reference all of their forgoing responses as if fully rewritten herein.

19. Paragraph 19 of the Complaint contains a legal statement to which no response is required from Defendants. To the extent that a response is required, Defendants state that the UCC speaks for itself.

20. Paragraph 20 of the Complaint contains a legal statement to which no response is required from Defendants. To the extent that a response is required, Defendants state that the UCC speaks for itself.

21. Paragraph 21 of the Complaint contains a legal statement to which no response is required from Defendants. To the extent that a response is required, Defendants state that the UCC speaks for itself.

22. Paragraph 22 of the Complaint contains a legal statement to which no response is required from Defendants. To the extent that a response is required, Defendants state that the UCC speaks for itself.

23. Paragraph 23 of the Complaint contains a legal statement to which no response is required from Defendants. To the extent that a response is required, Defendants state that the Plaintiff's schedules speak for themselves.

24. Defendants admit only that prior to the filing of the Bankruptcy Case on March 31, 2025, they had not filed a financing statement with the Ohio Secretary of State. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint and therefore deny the same.

25. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore deny the same.

26. Defendants admit the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 contains statements and legal conclusions that do not require a response from Defendants. To the extent a response is required, deny the allegations contained in Paragraph 27.

In response to the WHEREFORE section of the Complaint following paragraph 27, to the extent a response is required, Defendants deny that Plaintiff is entitled to any relief from Defendants.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state any claim upon which relief can be granted.

2. The Complaint and each and every claim against Defendants is barred and precluded, in whole or in part, under the doctrine of unjust enrichment.

3. The Complaint and each and every claim against Defendants is barred and whole or in part, under the doctrines of waiver, estoppel, unclean hands and/or ratification.

4. Jason Dicks has not paid Joseph T. Ciresi the full purchase price for the membership interests in Plaintiff, and upon information and belief, Joseph T. Ciresi never executed an assignment of the membership interests of Plaintiff in favor of Jason Dicks. As a result, Jason Dicks does not have proper title to the membership interests of Plaintiff, and Joseph T. Ciresi remains the legal owner of the membership interests of Plaintiff.

5. Even if Joseph T. Ciresi had assigned the membership interests of Plaintiff to Jason Dicks, Jason Dicks executed and delivered an Assignment of Membership Interests of Pizzeria Management III LLC in favor of Joseph T. Ciresi (the "Assignment") to Joseph T. Ciresi in

conjunction with the Pledge Agreement.  Consequently, Joseph T. Ciresi is the legal owner of the membership interests of Plaintiff.  A true and accurate copy of the Assignment is attached hereto as **Exhibit 1**.

6.      Defendants reserve the right to add additional affirmative defenses or amend or modify the above affirmative defenses based upon information that may become available during discovery in this matter.

WHEREFORE, having fully answered the Complaint, Defendants Joseph T. Ciresi and Cassie Ciresi respectfully request that all claims asserted therein be dismissed in their entirety and that Defendants Joseph T. Ciresi and Cassie Ciresi be awarded the costs and reasonable attorney fees incurred in responding thereto.

Respectfully submitted,

/s/ *Heather E. Heberlein*
Heather E. Heberlein (0083828)
Roetzel & Andress, LPA
1375t Ninth Street, Suite 1000
Cleveland, OH  44114
Telephone:  (216) 298-0801
Fax:  (216) 623-0134
E-mail:  hheberlein@ralaw.com

Counsel for Defendants Joseph T. Ciresi and Cassie Ciresi

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was electronically transmitted on September 22, 2025, via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

Thomas W. Coffey     tcoffey@tcoffeylaw.com, nbeba@tcoffeylaw.com

United States Trustee     (Registered address)@usdoj.gov

23852033 _1

/s/ *Heather E. Heberlein*
Heather E. Heberlein (0083828)